Filed 7/27/15  Rice v. Eaton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| LORAIN RICE, | C074499 |
| Plaintiff and Respondent, | (Super. Ct. No. SFS18719) |
| v. | |
| THOMAS EATON, | |
| Defendant and Appellant. | |

Mother Lorain Rice appeals from court orders dated May 30, 2013, July 10, 2013, and October 3, 2013.  She claims the orders are void and should be vacated.  These claims are moot.  Mother appears also to contend that although the July 10, 2013, order has now been vacated, the order precludes her from collecting interest and seeking contempt for the period before the order's revocation (the July 10, 2013, order).  We conclude this contention is not ripe for our review.  Accordingly, the appeal is dismissed.

1

## BACKGROUND

For two days in May 2013, the parties presented evidence and argument to the trial court on issues related to, among other things, modification of child support, child support arrears, and failure to comply with court orders. In the course of that trial, following discussions "off the record," the parties agreed to a "global resolution of all outstanding issues between the parties with respect to payment of current support and payment on arrears, and the outstanding contempt proceedings . . . ."

That global resolution, identified as a judicially supervised agreement entered into in open court under Code of Civil Procedure section 664.6, included a finding that the total amount of child support arrears owed by father was $125,000. Father agreed to make regular payments toward the arrears, pursuant to an installment plan. Additionally, there would be a "stay of enforcement of [the judgment on arrears], contingent upon" father's adherence to the installment plan agreed to by the parties. Should father be late on a single payment, "the entire balance [would be] due and payable, the contemplated global resolution would be revoked, and all enforcement remedies would be available to [mother]."

The parties also agreed that if father "pays [$]25,000 a year for four years, then that will resolve all principal, interest, childcare, attorney's fees, and all other accrued interest from this point onward, and all arrears with respect to the amounts that are due and owing today would be forgiven." The trial court also ordered father to pay to mother $2,500 each month in child support, beginning June 1, 2013. The court further ordered the issue of ongoing child support be continued to October 3, 2013; the court hoped the parties could resolve the issue on their own prior to that hearing.

Shortly after the resolution was entered in the record, father's counsel prepared the written order, which mother said did not reflect the terms of their agreement. Accordingly, mother filed a motion seeking to "clarify the order" and have the court include additional language in the order. A week later, on July 10, 2013, the order, as

2

drafted by father's counsel, was signed by the trial court without any of the changes mother requested.

Mother filed a notice of appeal from both the May 30, 2013, minute order (which reported the global resolution) and the July 10, 2013, order (which codified the global resolution). Mother also filed a motion to vacate the July 10, 2013, order. In support of her motion, mother argued: "Incorrect or erroneous legal basis for the decision, not consistent with or supported by the facts. The order, [*sic*] does not represent the agreement of the parties, contains vague and ambiguous language, and [mother] did not agree to CCP [*sic*] 664.6." The court denied her motion.

The parties appeared before the trial court again on October 3, 2013. Mother asked the court to revoke the agreement codified in the July 10, 2013, order; the court denied her request. In so doing, the court found father was in "substantial compliance" with the July 10, 2013, order but sanctioned father in the amount of $2,500 under Family Code section 271 for failing to comply with the literal terms of the July 10, 2013, order. The issue of on-going child support was continued to November 15, 2013. Mother appealed from this order as well.

On April 3, 2014, mother filed a motion to vacate or set aside, on the grounds of fraud and duress, both the July 10, 2013, order and a June 29, 2011, order in which the trial court ordered father to pay $2,150 each month in child support. The parties appeared before the trial court twice more in October 2014, and again on November 30, 2014.

On November 20, 2014, the trial court revoked the July 10, 2013, order. Accordingly, the entire amount of arrears ($125,000) was due and all enforcement remedies were available to mother.

## DISCUSSION

Mother contends the July 10, 2013, order is void for a variety of reasons. She argues the order operates as an unlawful retroactive modification of child support. She

3

also argues that the order unlawfully limits her ability to collect statutory interest on unpaid child support and wrongly precludes her from seeking contempt for father's failure to pay child support. Regardless of whether the order did any of those things, the trial court revoked the order on November 20, 2014. These claims are therefore moot. (See *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 [an appeal is moot if the reviewing court " 'can have no practical impact or provide the parties effectual relief' "].) As is mother's claim that the order for child support included in the July 10, 2013, order also should be vacated.

Mother also contends that the October 3, 2013, order should be vacated because it "results in impermissible retroactive modification of child support." That order, however, simply continues the July 10, 2013, order for child support, finds father in substantial compliance with the July 10, 2013, order, continues the July 10, 2013, order regarding payment on arrears, and issues monetary sanctions against father. Mother is not contesting the sanctions order on appeal, and any challenges to the remaining orders contained within the October 3, 2013, order are moot now that the July 10, 2013, order has been revoked.

To the extent mother is arguing that, even though the July 10, 2013, order has been revoked, she will be precluded from collecting interest and seeking contempt for the period before the order's revocation, her claims are not yet ripe. There is nothing in the record to indicate mother has pursued the statutory interest or a claim of contempt in the trial court and been refused because of the July 10 order. As such, any opinion issued by this court would be advisory. Because the issues are not of substantial and continuing public interest, we decline to consider them in this appeal. (See *Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 849-850 [appellate courts may review issues that are moot if the issues are " 'of substantial and continuing public interest' " but should otherwise avoid issuing advisory opinions].)

Father's request that mother pay his attorney fees as sanctions under Family Code section 271 is denied. First, father failed to adequately brief the issue. Family Code section 271 requires the court to "take into consideration all evidence concerning the parties' income, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed." Father failed to make any argument or include any citations to the record addressing this statutory requirement.

Second, although the appeal lacked merit, father has failed to establish that mother filed the appeal in order to stymie settlement and increase the cost of litigation; also a required element of section 271 sanctions.

## DISPOSITION

The appeal is dismissed. The parties each shall bear their own costs on appeal.


    RENNER    , J.


We concur:


  BLEASE    , Acting P. J.


  HULL    , J.